IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMARV D. JACKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF FORT BENTON AND CHOTEAU COUNTY,<br><br>          Defendants. | No. CV-25-82-GF-JTJ<br><br><br><br>AMENDED ORDER |

Plaintiff Jamarv D. Jackson (Jackson), appearing pro se, has filed a Motion for Leave to Proceed In Forma Pauperis. (Doc. 1). Upon review of Jackson's affidavit in support of his motion, the Court finds good cause and will grant the motion.

## I.     STATEMENT OF THE CASE

Jackson alleges numerous claims, including several claims under 42 U.S.C. § 1983, and claims for violation of the Americans with Disabilities Act, conspiracy to interfere with civil rights, trespass, forgery, nuisance, illegal annexation, violation of Historic Preservation laws, conversion and breach of contract.

1

**II.    SCREENING**

When a litigant proceeds in forma pauperis, the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915(e)(2)(B)**.**  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

In substance, Jackson alleges several claims for violation of his constitutional rights under 42 U.S.C. § 1983, and claims for violation of the Americans with Disabilities Act, conspiracy to interfere with civil rights, trespass, forgery, nuisance, illegal annexation, violation of Historic Preservation laws, conversion and breach of contract.  Plaintiff's claims relate to allegations that the Defendants unlawfully encroached on his property and blocked his access to his property while conducting unauthorized construction activities on his property.  Jackson invokes the federal question jurisdiction under 28 U.S.C § 1331.  Liberally construing Jackson's Complaint, the Court cannot say at this state in the proceedings that it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.  The Court will therefore order that the Complaint be served on the Defendants.

## III. SERVICE OF COMPLAINT

Because Plaintiff is proceeding in forma pauperis, he is entitled to have his complaint and summonses served by the United States Marshal by U. S. Mail. Fed. R. Civ. P. 4(c)(3). Nonetheless, Plaintiff is obligated to provide the Court with appropriate addresses for service on Defendants. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). When a plaintiff proceeding in forma pauperis fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may sua sponte dismiss the unserved defendant. *Id.*

Plaintiff must provide the Court with accurate and sufficient information to effect service of summonses and complaint. For a corporation, partnership or association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)(ii) and 4(h)(1)(B).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Jackson's Motion to Proceed In forma pauperis (Doc. 1) is GRANTED.

2. On or before **October 1, 2025**, Jackson shall file a notice which provides the Court with appropriate addresses for service on all Defendants. A failure to

4

provide this information will result in a recommendation that this matter be dismissed without prejudice for failure to serve.

3. At all times during the pendency of this action, Jackson must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 15th day of October, 2025.

John Johnston
United States Magistrate Judge