IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMARV D. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FORT BENTON AND CHOTEAU COUNTY,<br><br>Defendants. | CV-25-82-GF-JTJ<br><br>MEMORANDUM AND ORDER |

## I.    INTRODUCTION

Plaintiff Jamarv D. Jackson's (Jackson) Amended Complaint alleges the following causes of action against the City of Fort Benton (City): Counts I (deprivation of property without due process), II (unreasonable seizure), and III (equal protection), which Jackson argues allege causes of action for violation of his civil rights under 42 U.S.C. § 1983; Count IV, which Jackson argues alleges a cause of action under the Americans

with Disabilities Act (ADA); and Count V, conspiracy to interfere with civil rights.[1] Jackson claims these causes of action provide the court with subject matter jurisdiction over this action. Jackson's Amended Complaint also alleges the following state law claims against the City: VI: Trespass; Count VII: Forgery; Count VIII: Nuisance; Count IX: Illegal Annexation; Count X: violation of Historic Preservation laws; Count XII: Breach of Contract; and County XIII: Quiet Title. (Doc. 11).

Jackson's claims center around his contention that the City and Choteau County encroached upon his property and began construction activities to create an easement without his consent. (Doc. 11, ¶10). Jackson also contends that the Defendants forged his signature on the purported easement agreement. (Id., ¶13). Jackson further alleges he has disabilities that affect his ability to access his property and Defendants unauthorized construction has blocked his access to his property. (Id., ¶¶ 9 and 16).

The City filed a Motion to Dismiss, with an accompanying brief. (Doc. 23). The City explains that it was conducting improvements to the town's industrial park area and requested a temporary easement from Mr. Jackson, who it believed owned a track of property next to an area where some work would be completed. Mr. Jackson signed that easement before a licensed notary public on March 13, 2025. (Id., p. 2)

---

[1] As Jackson alleges that Defendants conspired to deprive him of his constitutional property and equal protection rights, the court construed this claim as a violation of his civil rights under 42 U.S.C. § 1983.

The City then learned that Jackson had transferred the property from himself to Jackson Real-Estate & Property Services, LLC via a warranty deed recorded on February 5, 2024.  Jackson declined to execute an easement agreement on behalf of his LLC.  The City later concluded it was not necessary to enter Jackson's LLC's property to complete the City's work and subsequently passed a Resolution to abandon the easement Jackson signed. (Id., pp. 2-3).

The City is requesting the Court to dismiss Mr. Jackson's constitutional claims (Counts I, II, III and V) and his ADA claim (Count IV).  Jackson opposes the motion.  (Doc. 28).

## II.   Legal Standard

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most

favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

On a motion to dismiss, a court may consider "documents [that] have been incorporated into the complaint by reference or are matters of which a court may take judicial notice." *Orellana v. Mayorkas,* 6 F.4th 1034, 1042-43 (9th Cir. 2021). A court may assume an incorporated document's contents are true for purposes a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Finally, dismissal without leave to amend is appropriate when it is "clear that the complaint cannot be saved by further amendment." *Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996).

### B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, (§ 1983) a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and

(2) that the violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).  Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to establish a claim under § 1983 made against a governmental agency, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a custom or policy; (3) that this custom or policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the custom or policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

### C. American with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S. C. § 12132.  Plaintiff must allege:

> (1)	He is an individual with a disability;
> (2)	He is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
> (3)	He was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
> (4)	The exclusion, denial of benefits, or discrimination was by reason of his or her disability.

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1058 (9th Cir. 2007).

## III. Discussion

### A. Jackson's complaint fails to state a plausible claim for relief under § 1983 against the City

The City argues that Jackson's § 1983 claims fail as they do not allege or show that the City had any pattern or practice that led to any violation of his constitutional rights. (Doc. 23, p. 5). Jackson does not specifically address the City's argument. However, he maintains that he has suffered personal harm from the alleged forgery of his signature and, if proven true, would establish a cognizable legal theory for relief. (Doc. 28, p. 5).

The Court agrees with the City. Jackson's allegations do not meet the pleading requirements to sustain a §1983 claim under *Monell.* Jackson has failed to allege a specific City policy, practice or custom, nor how any such policy, practice or custom was implemented in a manner that amounted to a deliberate indifference to Jackson's constitutional rights. Jackson has also failed to allege how any policy, practice or custom was the moving force behind any constitutional violations. Because it is unclear whether amendment would be futile, Jackson is granted leave to file a second amended complaint to properly allege a § 1983 claim against the City. Failure to do so will result in a recommendation that Jackson's § 1983 claims be dismissed. Any amendment must meet the *Monell* factors outlined above.

**B. Jackson's complaint fails to state a plausible claim for relief under the ADA against City**

Regarding Jackson's ADA claim, the City argues that Jackson only alleges that he is disabled but does not properly plead what disability he has; how it is relevant to the road construction at issue; or how any blockage from accessing his LLC's property was implemented because of his disability. (Id., p. 6). Therefore, Jackson's complaint fails to provide properly plead facts that would show a nexus between his disability and the alleged discrimination. *Doe v. City of Berkeley*, 2019 WL 3082868 at *2-3 (N.D. Cal. July 15, 2019).

Jackson does not specifically address the City's arguments. However, he maintains that discrimination based on his disability provides him a basis for standing and for relief. (Doc. 28, pp. 5, 7).

Title II is construed broadly, and the Ninth Circuit has stated that "[a] service, program or activity for purposes of Title II is anything a public entity does. The focus of the inquiry is not so much on whether a particular public function can technically be characterized as a service, program or activity, but whether it is a normal function of a governmental entity." *Barden v. City of Sacramento*, 292 F. 3d 1073, 1076 (9th Cir. 2002).

Jackson, however, still must identify how the City's construction near his LLC's property is tied to any alleged discriminatory action by the City based upon his disability. Jackson's Complaint fails to do so. Nor does Jackson's Complaint

allege facts showing that the City's actions affected his access to a benefit or service the City provides to the public at large, as opposed to a private property dispute or construction-related inconvenience.

Absent allegations tying the alleged discrimination to a qualifying public service, program, or activity, Jackson's ADA claim amounts to a dispute over property access arising from the City's construction, which, without more, does not fall within the scope of Title II. Because it is unclear whether amendment would be futile, Jackson is granted leave to file a second amended complaint to properly allege an ADA claim. Failure to do so will result in a recommendation that his ADA claim be dismissed. Any amendment must specifically allege facts identifying what disability he claims to have and how the City's construction activities constituted discriminatory conduct based upon this disability.

## IV. CONCLUSION

Based upon the above, the Court **ORDERS** as follows:

1. Defendant City of Fort Benton's Motion to Dismiss (Doc. 23) Jackson's constitutional claims, Counts I, II III and V, is **GRANTED, with leave to amend**. Jackson shall have until **Friday, January 23, 2026** to file a Second Amended Complaint. Failure to do so will result in a recommendation to dismiss Jackson's § 1983 constitutional claims.

2. Defendant City of Fort Benton's Moton to Dismiss (Doc. 23) Jackson's

ADA claim, Count IV, (Doc. 23) is **GRANTED with leave to amend.** Jackson shall have until **Friday, January 23, 2026 to** file a Second Amended Complaint. Failure to do so will result in a recommendation to dismiss Jackson's ADA claim.

DATED this 12th day of January 2026.

John Johnston
United States Magistrate Judge