IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

JAMARV D. JACKSON,

Plaintiff,

vs.

CITY OF FORT BENTON AND
CHOUTEAU COUNTY,

Defendants.

**No. CV-25-82 BU-BMM**

**ORDER**

Plaintiff Jamarv Jackson filed an Amended Complaint alleging the following

causes of action against the City of Fort Benton (the "City"): Counts I (deprivation

of property without due process), II (unreasonable seizure), and III (equal

protection), which Jackson argues allege causes of action for violation of his civil

rights under 42 U.S.C. § 1983; Count IV, which Jackson argues alleges a cause of

action under the Americans with Disabilities Act (ADA); and Count V, conspiracy

to interfere with civil rights. (Doc. 11.) Jackson's Amended Complaint also alleges

the following state law claims against the City: VI: Trespass; Count VII: Forgery;

Count VIII: Nuisance; Count IX: Illegal Annexation; Count X: violation of Historic

Preservation laws; Count XII: Breach of Contract; and County XIII: Quiet Title. (*Id.*)

1

The Court dismissed, without prejudice, Jackson's constitutional claims against the City—Counts I, II, III, and V—and his ADA claim, Count IV. (Doc. 31.) The Court gave Jackson leave to file a Second Amended Complaint within a specified timeframe. (*Id.*) Jackson failed to comply with the Court's deadline for amendment and the Court accordingly dismissed Jackson's § 1983 claim (civil rights claim) and ADA claim. (Doc. 36.) The Court additionally dismissed Jackson's state law claims, Counts VI-X, XII, and XIII, against the City. (Doc. 32.) These orders dismissed all Jackson's claims against the City of Fort Benton and the City was terminated from the case on March 16, 2026. (*See* Doc. 36, Doc. 41.)

Defendant Chouteau County filed a motion to dismiss on April 16, 2026. (Doc. 43.) Jackson filed a Second Amended Complaint ("SAC") on May 11, 2026. (Doc. 47.) The Court dismissed as moot Defendant Chouteau County's first motion to dismiss on May 19, 2026. (Doc. 48.) Jackson filed a motion for reconsideration on May 27, 2026. (Doc. 49.) It remained unclear to the Court what relief Jackson sought in the motion for reconsideration. (*See* Doc. 50.) The Court denied Jackson's motion for reconsideration. (*Id.*) Defendant Chouteau County filed a second motion to dismiss for failure to state a claim on June 18, 2026. (Doc. 51.) Jackson failed to respond.

**LEGAL STANDARD**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a plausible claim for relief on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must "take[ ] as true and construe[ ] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v.*

3

*City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citing *Halkin v. Verifone Inc.* 11 F.3d 865, 868 (9th Cir. 1993)).

## DISCUSSION

Defendant Chouteau County asserts that Jackson's SAC contains no allegations against Chouteau County, and, therefore, it fails to state a claim and must be dismissed. (Doc. 52 at 5.) The Court agrees.

The only mention of Chouteau County in Jackson's SAC happens in paragraph one which states:

1. Roughly 2023 The City of Fort Benton illegally without my knowledge Annexed my property and vested lands into the city, from the county, Clearly stated in my Purchase records and land patents.

(Doc. 47 ¶ 1.) This mention of "the county" proves insufficient to survive a Rule 12(b)(6) motion. Not only is there a "lack of a cognizable legal theory," but, maybe more notably, an "absence of sufficient facts alleged" under any legal theory. *See Balistreri*, 901 F.2d at 699. Jackson makes no factual allegations for the Court to construe in his favor.

4

The Court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The Court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pleaded. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Courts in this district routinely dismiss complaints that fail to allege sufficient, or no, facts against a named defendant. *See Washington v. Griffin*, No. CV 15-28-M-DLC (D. Mont. May 19, 2016), Dkt. 24; *Salois v. Haney*, No. CV 25-71-M-BMM, 2025 WL 2636432, at *3 (D. Mont. Sept. 12, 2025). The Court concludes that Jackson's SAC presents insufficient allegations to survive Rule 12(b)(6).

The Court additionally declines to grant Jackson leave to amend. The Court recognizes that leave to amend should be granted when "justice so requires." Fed. R. Civ. P. 15(a). The Court determines, however, that Jackson's repeated failures to amend when invited, respond to motions/orders, or comply with the Federal Rules of Civil Procedure counsels denial of leave to amend in these circumstances. *See e.g., Washington v. Griffin*, No. CV 15-28-M-DLC (D. Mont. May 19, 2016), Dkt. 24. The Court already has provided Jackson with opportunity to cure pleading deficiencies and he failed to take advantage of the opportunity. (See Doc. 31, Doc. 32, Doc. 36.) The Court further notes that Jackson failed to timely respond to

Defendant Chouteau County's first motion to dismiss but the Court declined to highlight those procedural defects when dismissing as moot Chouteau County's first motion. (*See* Doc. 48.) The Court lastly observes that Jackson has failed to provide any response to Chouteau County's motion in the over one month since it was filed. The Court concludes that inviting amendment at this point would prove futile and otherwise unjustified pursuant to the standards for Fed. R. Civ. P. 15(a).

Accordingly, **IT IS ORDERED** that Defendant Chouteau County's Motion to Dismiss (Doc. 51) is **GRANTED**. Jackson's claims against Chouteau County are hereby **DISMISSED** with prejudice.  The Clerk of Court is directed to close this case.

DATED this 7th day of August, 2026.


_____
Brian Morris, Chief District Judge
United States District Court